**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:24-cv-00924-RMR-NRN

JANE DOE,

     Plaintiffs,

v.

JEFFERSON COUNTY PUBLIC SCHOOLS,
TODD ENGLES,
SCOTT CHRISTY,
DEREK HOLLIDAY,
ERIC EBLING,
KEVIN CHESTER,
and KRISTIN MOULTON,

     Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION [ECF No. 61]**

---

This matter is before the Court on the Recommendation of United States Magistrate N. Reid Neureiter to deny Defendant Kristin Moulton's Motion to Dismiss Plaintiffs' Third Claim for Relief Against Defendant Moulton, ECF No. 41, and Defendant Eric Ebling's Motion to Dismiss, ECF No. 43 (collectively the "Motions to Dismiss"). ECF No. 61.

This case deals with allegations of a student-on-student sexual assault and the Defendants' alleged failure to protect Plaintiff from her alleged assailant, referred to as Student 1 in the Amended Complaint, ECF No. 34, while at Columbine High School

("CHS"). Plaintiff brings claims under 42 U.S.C. § 1983, deliberate indifference to sexual harassment in violation of the equal protection clause of the Fourteenth Amendment against Defendant Moulton, Defendant Jefferson County Public School's Title IX Coordinator, in her individual and official capacity, and Defendant Ebling, CHS's School Resource Officer ("SRO"), in his individual capacity. The parties do not object to the factual or procedural background outlined in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth therein.

Defendant Moulton did not file an Objection to the Recommendation. Defendant Ebling filed a timely Objection to the Recommendation. ECF No. 62. Plaintiff filed a Response. ECF No. 66. This Court has reviewed and considered de novo the Recommendation, the Objection, the Response, and the record relied upon by Magistrate Judge Neureiter. For the reasons stated below, the Court **OVERRULES** the Objection filed by Defendant Ebling; **ACCEPTS and ADOPTS** the Recommendation; **DENIES** the Motions to Dismiss.

## I.    LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings")

The Magistrate Judge correctly set forth the standard to be used in evaluating the Motions to Dismiss. That is, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Both Defendant Moulton and Ebling asserted the defense of qualified immunity in response to Plaintiff's allegations of deliberate indifference. To survive a motion to dismiss where a qualified immunity defense is implicated, the plaintiff "must allege facts sufficient to show (assuming they are true) that the defendant[] plausibly violated their constitutional rights[.]'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins*,

519 F.3d at 1249). To overcome the defense, "the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Surat v. Klamser*, 52 F.4th 1261, 1270-71 (10th Cir. 2022) (quotation omitted); *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (same). The Court has "discretion to decide the order in which to engage the two prongs of the qualified immunity standard." *Andersen v. DelCore*, 79 F.4th 1153, 1163 (10th Cir. 2023) (cleaned up). "The record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.'" *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877-78 (10th Cir. 2014) (quoting *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001)).

## II.    DEFENDANT EBLING'S OBJECTION

Defendant Ebling objects to the Magistrate Judge's finding that Plaintiff adequately pleaded that Defendant Ebling was deliberately indifferent by failing to restrict Student 1's movements at CHS and/or failing to create or enforce a safety plan. As Magistrate Judge Neureiter noted, the Equal Protection Clause guarantees that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Tenth Circuit has held that "a governmental official or supervisory employee may be held liable under section 1983 [for violating the Equal Protection Clause] upon a showing of deliberate indifference to known sexual harassment." *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1250 (10th Cir. 1999). "In order to state a claim of 'deliberate' discriminatory conduct, [Plaintiff] must state facts sufficient to allege 'defendants actually

knew of and acquiesced in' [Student 1]'s behavior." *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)). In *Murrell*, the Tenth Circuit held that the plaintiff adequately stated an equal protection claim where she alleged "that the principal and the teachers knew about [another student]'s harassment of [the plaintiff] and acquiesced in that conduct by refusing to reasonably respond to it." *Id.* Defendant Ebling raises four objections to the recommendation that the Court deny his motion to dismiss.

## A.    Agency

First, he argues that the Amended Complaint fails to allege an agency relationship between Defendant Ebling and CHS, suggesting that if he is not an employee of CHS, then he cannot be held liable. Magistrate Judge Neureiter raised this issue in the Recommendation when he found that Plaintiff failed to adequately plead that Defendant Ebling was deliberately indifferent for failing to conduct an independent investigation of [Plaintiff's] allegations of rape and sexual assault because, in part, the sexual assault itself had been reported to Defendant Ebling's "supervising authority," the Jefferson County Sheriff's Office ("JCSO"). ECF No. 61 at 18. Magistrate Judge Neureiter noted "[t]o the extent that this employment status may impact Ebling's liability, the Court is not in a position to resolve this factual question at this stage." *Id.* Defendant Ebling argues that "the Recommendation mistook a legal question for a factual one." ECF No. 62 at 3. For support, Defendant Ebling cites out-of-Circuit cases relied on in one in-Circuit case, *Aragon v. Dussen*, No. 223CV00674MISKRS, 2023 WL 7385115, at *5 (D.N.M. Nov. 8, 2023). In *Aragon*, the plaintiff brought claims against New Mexico County Court

Magistrate Judge Vander Dussen, the County, and the Administrative Office of the Court ("AOC") after Judge Vander Dussen refused to release plaintiff from custody even though there was an agreement between plaintiff's attorney and the probation officer to release him. *Id.* at *1. The court dismissed the plaintiff's due process violation under the Fourteenth Amendment claim against the County because the plaintiff failed to allege sufficient facts to demonstrate that a municipal employee committed a constitutional violation. *Id.* at *5. The court found "the Amended Complaint's conclusory assertion that Judge Vander Dussen was 'an agent of' the County is not entitled to the assumption of truth at the motion to dismiss stage." *Id.* The Court finds the case relied on by Plaintiff, *Doe v. Oologah-Talala Indep. Sch. Dist. No. 4*, No. 21-cv-240-JDR-SH, 2024 WL 1357612 (N.D. Okla. March 29, 2024), is more analogous to the facts in this case. In *Oologah-Talala*, the court denied a SRO's motion to dismiss plaintiffs' equal protection claim under 42 U.S.C. § 1983 against the SRO as an individual, but granted the SRO's motion to dismiss the claims brought against him in his official capacity because the court treated the SRO as an agent of the school and the "claims brought against him in his official capacity [were] duplicative of the claims brought against the school district." *Id.* at *2. There, the plaintiff alleged facts that the school provided the SRO office space on the school campus, paid $19,000 of his annual salary, and had authority over his hiring or firing. *Id.* at *1 n.1. Here, the plaintiff has not pleaded such details. According to a case cited by Defendant Ebling, "[a] determination whether [a Board of Education employee] was acting within the scope of his employment is undeniably an issue of fact, but at the

pleading stage, [plaintiff] must plead the facts upon which that determination could rest." *Hurley v. Wayne Cnty. Bd. of Educ.*, No. CV 3:16-9949, 2017 WL 2454325, at *6 (S.D.W. Va. June 6, 2017). Here, Plaintiff pleaded that Defendant Ebling was the SRO, a governmental official, assigned to CHS and attended meetings with other school officials regarding Plaintiff's safety at school after the alleged assault. ECF No. 34 ¶¶ 18, 26. The Court sees no error in the Magistrate Judge's determination that the allegations regarding Defendant Ebling's relationship with CHS are sufficient at the pleading stage to survive a motion to dismiss.

## B.    Elements of an Equal Protection Claim

Second, Defendant Ebling asserts what he notes is a novel argument that was not raised in prior pleadings. ECF No. 62 at 4. *Murrell* is the guiding case in the Tenth Circuit regarding a school administrator's deliberate indifference to student-on-student sexual harassment. 186 F.3d at 1250. Defendant Ebling argues that the deliberate indifference standard laid out in *Murrell* by the Tenth Circuit in 1999, has changed since the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and the Tenth Circuit's subsequent ruling in *Dodds v. Richardson*, 614 F.3d 1185, 1204 (10th Cir. 2010). Beyond needing to plead that (1) a defendant knew about the harassment and (2) acquiesced in the conduct by refusing to reasonably respond to it, Defendant Ebling argues that Plaintiff must plead a third element—"the defendant's deliberate indifference was motivated by a discriminatory intent." ECF No. 62 at 6 (*citing B.C. by & through Campbell v. Indep. Sch. Dist. No. 33 of Creek Cnty., Okla.*, No. 24-CV-00059-SH, 2024 WL 4829485, at *5 (N.D.

7

Okla. Nov. 19, 2024); *Armenta as next friend of H.A. v. Indep. Sch. Dist. No. 5 of Garvin Cnty.,* No. CIV-22-00659-JD, 2024 WL 3089658, at *2-3 (W.D. Okla. June 21, 2024). The court in *Campbell* recognize[d] that other courts within the Tenth Circuit, including in this district, have not added this third element—usually relying on *Murrell* without any reference to the effect of *Iqbal* and *Dodds*, or by assuming that the requisite state of mind is deliberate indifference." 2024 WL 3089658, at *7 n.8 (*citing Doe v. Roaring Fork Sch. Dist.*, 510 F. Supp. 3d 971, 977 (D. Colo. 2020)). It is also relevant to note that the original complaint in this matter was filed on April 5, 2024, before the only two district courts in this Circuit issued their orders requiring allegations of discriminatory intent. ECF No. 1. The Amended Complaint in this matter was filed on August 20, 2024, and the briefing and oral argument on the Motions to Dismiss were complete by November 7, 2024, before the order in *Campbell* was issued.

The decisions in *Campbell* and *Armenta* are not binding on this Court. The Court is not persuaded that Plaintiff must plead Defendant Ebling had discriminatory intent to survive a motion to dismiss. The Court agrees that *Murrell* does rely on supervisory liability case law in articulating its deliberate indifference standard. 186 F.3d at 1238 (citing *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992); *Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994); *Jojola*, 55 F.3d at 490). And in *Dodds*, the Tenth Circuit recognized that *Iqbal* changed the requirements for an equal protection claim based on supervisory liability. 614 F.3d at 1204 ("We therefore conclude that after *Iqbal,* Plaintiff can no longer succeed on a § 1983 claim against Defendant by showing

that as a supervisor he behaved knowingly or with 'deliberate indifference' that a constitutional violation would occur at the hands of his subordinates, unless that is the same state of mind required for the constitutional deprivation he alleges."). The Tenth Circuit has not applied this standard in an equal protection claim for deliberate indifference in the context of student-on-student sexual harassment. In *Dodds*, the plaintiff brought a suit against a former sheriff, in his individual capacity, for acting with deliberate indifference in violation of the Fourteenth Amendment to the plaintiff's liberty interest in posting bail by "maintain[ing] policies that prevented felony arrestees from posting bail after hours and before arraignment" without the policy being related to a "legitimate goal." *Id.* at 1206. Even after *Iqbal* and *Dodds*, the Tenth Circuit noted, "deliberate indifference to known sexual harassment can, under certain circumstances, serve as a basis for supervisory liability under an equal-protection theory. . . . [Plaintiff] must show how each defendant who occupied a supervisory role "actually ... acquiesced in" her harassment. *Burke v. New Mexico*, 696 F. App'x 325, 330 (10th Cir. 2017) (citing *Murrell*, 186 F.3d at 1250).

Relying on *Iqbal*, the Fourth Circuit added the third element that "the plaintiff must allege that the school administrator's deliberate indifference was motivated by a discriminatory intent" in the context of a student-on-student sexual harassment equal protection claim. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 703 (4th Cir. 2018). In *Feminist Majority*, the Fourth Circuit held that the intent element of the equal protection claim was met by alleging the former university president "sought to downplay the

harassment and threats, and he made no effort to stop them." *Id.* (citing *T.E. v. Grindle*, 599 F.3d 583, 589 (7th Cir. 2010)). The court in *Campbell* noted "[t]o be sure, Plaintiff may plead the requisite purposeful discriminatory intent by reference to circumstantial evidence, including the official's efforts to downplay harassment and his inaction in attempting to stop known harassment." 2024 WL 4829485, at *7 n.9 (N.D. Okla. Nov. 19, 2024) (citing *Feminist Majority*, 911 F.3d at 703; *Grindle*, 599 F.3d at 589).

The Court is not convinced that *Iqbal* and *Dod*ds require the Plaintiff to plead discriminatory intent. Decisions since the rulings in *Iqbal* (2009), *Dodds* (2010), *Grindle* (2010), and *Feminist Majority* (2018) from district courts in the Tenth Circuit, including this District, have not required proof of discriminatory intent. *See, e.g.*, *Roaring* Fork, 510 F. Supp. 3d at 977 (D. Colo. 2020) (effect of *Iqbal* and *Dodds* not raised); *Doe through Doe v. Brighton Sch. Dist. 27J*, 612 F. Supp. 3d 1205, 1216 (D. Colo. 2020), *as amended* (Mar. 2, 2020) (same); *R.C. by & through Culver v. Indep. Sch. Dist. No. 2*, No. 23-CV-478-JFJ, 2024 WL 3570014, at *3 (N.D. Okla. July 29, 2024) (same); *Lameda ex rel. S.L. v. Indep. Sch. Dist. No. 29*, No. CIV-21-119, 2021 WL 4302773, at *2 (W.D. Okla. Sept. 21, 2021) (same); *T.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589, 2018 WL 2722501, at *12 (D. Kan. June 6, 2018) (same); *Doe v. Taos Mun. Schs.*, No. 20-CV-01041, 2024 WL 4264507, at *12 (D.N.M. Sept. 23, 2024) (citing *Dodds* but finding, "the requisite state of mind for a sexual harassment case is deliberate indifference"). Even if discriminatory intent is required, it is sufficient that Plaintiff pleaded that Defendant Ebling participated in meetings with Plaintiff and her mother, where Plaintiff's allegations of

10

harassment were downplayed and Defendant Ebling refused to take any action to stop the harassment at the school. *See* ECF No. 34 ¶¶ 18-19, 26-2; *see also Campbell,* 2024 WL 4829485, at *7 n.9 ("Plaintiff may plead the requisite purposeful discriminatory intent by reference to circumstantial evidence, including the official's efforts to downplay harassment and his inaction in attempting to stop known harassment.")

### C.    Failure to State a Claim

Third, Defendant Ebling argues that the Recommendation erred in finding that the Amended Complaint adequately pleaded an equal protection claim against him because the Complaint does not allege that Defendant Ebling had the "legal authority to restrict Student 1's movements or create a safety plan." The Court does not agree. Magistrate Judge Neureiter was correct; deliberate indifference can be shown by alleging facts that Defendant Ebling, as a school official, failed to do anything after learning of the sexual assault, and as a result, Plaintiff continued to suffer harassment and retaliation from Student 1 at school. ECF No. 61 at 21-22. Plaintiff alleges that in January 2022, Defendant Ebling, as the SRO, along with Defendants Derek Holliday, CHS Principal, and Scott Christy, CHS Assistant Principal and Athletic Director, participated in a meeting with Plaintiff and her mother. ECF No. 34 ¶ 18. Plaintiff alleges the purpose of the meeting was to develop a "safety plan" for Plaintiff and that the documents completed during the meeting specifically referred to a safety plan. *Id.* Plaintiff alleges that she reported violations of the safety plan to Defendants Christy and Holliday. *Id.* ¶ 22. On February 8, 2022, Defendant Ebling again participated in a meeting with Defendant Christy, Plaintiff,

and Plaintiff's mother. *Id.* ¶ 26. Plaintiff alleges Defendant Ebling told her "he [] would not act to restrict [Student 1's] movement within CHS because the JCSO's case was ongoing." *Id.* Plaintiff alleges that JCSO Detective Jenna Gardner scheduled the meeting and was supposed to attend, but the meeting was started and concluded before she arrived. *Id.* ¶ 27. That same day, Plaintiff applied for and received a civil protection order from the state court forbidding Student 1 from attending CHS. *Id.* ¶ 30.  It is unclear whether the safety plan was ever implemented. *See id.* ¶ 31 ("According to [Student 1's] testimony at the [March 2022 temporary restraining order] hearing, [CHS] never [approached Student 1 with a safety plan.]"). On March 12, 2022, Defendant Christy sent an email regarding a "No Contact Order" between Plaintiff and Student 1. *Id.* ¶ 34. The email states that if any contact were to occur, "either myself, Derek Holiday, or SRO Eric Ebling must be contacted immediately." *Id.* Discovery may be necessary to find out what was discussed during these meetings, or what actions were taken, but what these alleged facts indicate is that on behalf of the school, Defendant Ebling was aware of the sexual harassment and had some role/responsibility in responding to the harassment.

Defendant Ebling criticizes Magistrate Neureiter's reliance on *Brighton Sch. Dist*, 612 F. Supp. at 1216. In *Brighton Sch. Dist.*, the law enforcement detective assigned to the case told the assistant principal about the sexual assault and recommended that the school segregate the alleged assailant from the plaintiff or establish a safety plan for the plaintiff. *Id.* The Honorable Judge William J. Martínez denied the assistant principal's motion to dismiss. He found that from the facts alleged, the court could infer that the

assistant principal caused the plaintiff harm by not suspending the alleged assailant sooner. Here, Plaintiff alleges that the law enforcement detective assigned to the case scheduled a meeting with Plaintiff, Plaintiff's mother, Defendant Ebling, and Defendant Christy, but that Defendant Ebling and Defendant Christy did not wait for the detective before concluding the meeting. It is not unreasonable to expect Defendant Ebling to coordinate with both JCSO and CHS on reasonable steps to be taken to protect Plaintiff from harassment at school. Construing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has plausibly alleged facts to support that Defendant Ebling did not respond promptly or reasonably to the concerns raised by Plaintiff.

### D.    Qualified Immunity

Finally, Defendant Ebling argues that he is entitled to qualified immunity because it was not clearly established that "a reasonable SRO in Ebling's position with limited statutory authority [would be put] on notice that he also was responsible for creating CHS's safety plan for [Plaintiff] or unilaterally restricting Student 1's movements." ECF No. 62 at 9. The Court disagrees. First, the Court agrees with Magistrate Judge Neureiter, "a motion for summary judgment under rule 56 is the more common vehicle for asserting [a qualified immunity defense]." ECF No. 61 at 24. The Plaintiff's burden to show the law was clearly established that Defendant's actions were unconstitutional is less on a 12(b)(6) motion than on a motion for summary judgment. *See Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004) ("A district court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief.") (internal quotations and citation omitted).

Defendant Ebling argues that his position as the SRO is different from a school administrator who has the authority to implement protective measures. For support, he cites *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989), where the Supreme Court determined the state had no constitutional duty to protect a child from his abusive father after receiving reports of possible abuse, and *Ireland v. Jefferson Cnty. Sheriff's Dep't*, 193 F. Supp. 2d 1201, 1223 (D. Colo. 2002), where the District Court granted a motion to dismiss a 42 U.S.C. § 1983 claim against law enforcement defendants, including an SRO, because the Plaintiff, a victim in a school shooting, failed to establish the requisite special relationship between the SRO and the Plaintiff. "Under Tenth Circuit authority, school attendance does not create a special relationship between a student and a school district for purposes of imposing a constitutional duty." *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1154 (D. Colo. 2001) (distinguishing between duty to protect cases involving school shootings and the Supreme Court and Tenth Circuit's decisions involving Title IX liability for school districts involving student-on-student sexual harassment). The circumstances are different here. For one, Plaintiff has not pled a constitutional violation under the special-relationship theory. Instead, Plaintiff alleges Defendant Ebling was deliberately indifferent to an act of student-on-student harassment. This is not a scenario where the peace officer had no

connection to CHS. Arguably, as the SRO, Defendant Ebling had a role and responsibility to take some action after becoming aware of the ongoing harassment.

Since 1992, "a person who exercises the state's supervisory authority" has been put on notice "they may be held liable for consciously acquiescing in sexually harassing conduct by a non-state actor over whom the state actor has authority." *Murrell*, 186 F.3d at 1251 (10th Cir. 1999) (citing *Woodward*, 977 F.2d at 1398). In 1999, *Murrell* specifically put school employees on notice that they may be liable for an equal protection violation if they are deliberately indifferent to acts of sexual harassment perpetrated on one student by another student. *Id.* The question is whether, as an SRO, Defendant Ebling was considered a school employee or had authority over Student 1. As discussed above, at least one district court in this Circuit has determined that "a reasonable person could determine that [the SRO] was on notice that his failure to [act] could violate Plaintiff's equal protection rights" when it comes to deliberate indifference to reports of student-on-student sexual harassment. *Oologah-Talala Indep. Sch. Dist.*, 2024 WL 1357612 at *4. Similarly, and in agreement with the analysis in the Recommendation, this Court finds that at this stage, Defendant Ebling is not entitled to qualified immunity.

### III.    RECOMMENDATION REGARDING DEFENDANT MOULTON

Defendant Moulton did not raise any objection to the Recommendation, and therefore any objection to the Magistrate Judge's recommendation to deny Defendant Moulton's Motion to Dismiss is waived. *See United States v. Deiter*, 890 F.3d 1203, 1211 n.5 (10th Cir. 2018) ("We have 'adopted a firm waiver rule under which a party who fails

to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.'") (quoting *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005)). In this matter, the Court has reviewed the Recommendation to deny Defendant Moulton's Motion to Dismiss to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard.

## IV.    CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

1. Defendant Ebling's Objection, ECF No. 62, is **OVERRULED**;

2. The Recommendation, ECF No. 91, is **ACCEPTED and ADOPTED**;

3. Defendant Moulton's Motion to Dismiss, ECF No. 41, is **DENIED; and**

4. Defendant Ebling's Motion to Dismiss, ECF No. 43, is **DENIED**.

DATED:  June 17, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge